# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| PUBLIC EMPLOYEES FOR ENVIRONMENTAL RESPONSIBILITY, 962 Wayne Ave, Suite 610 Silver Spring, MD 20910<br><br>*Plaintiff*,<br><br>v.<br><br>U.S. DEPARTMENT OF THE NAVY 1200 Navy Pentagon Washington, D.C. 20350-1200<br><br>*Defendant* | CIVIL ACTION NO. 19-418<br><br>**COMPLAINT** |

## **PRELIMINARY STATEMENT**

1. Plaintiff Public Employees for Environmental Responsibility ("Plaintiff" or "PEER") brings this action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, *et seq*., as amended, to compel the United States Department of the Navy ("Defendant" or "USN") to disclose documents requested pursuant to FOIA.

2. To date, Defendant has failed to make a determination on Plaintiff's FOIA request or to disclose to the Plaintiff the requested documents within the time stipulated under FOIA or provide an approximate time when such documents may be disclosed.

3. Plaintiff is a non-profit organization dedicated to research and public education concerning the activities and operations of federal, state, and local governments.

4. On November 1, 2018, Plaintiff sent a FOIA request to the Defendant seeking records concerning Defendant's oversight and management of its environmental contracting partner, Tetra Tech, Inc. At that time Tetra Tech had been found to have engaged in fraudulent activity

including the falsification of as much as 90 percent of the radiological data submitted concerning cleanup of the former Hunter's Point Shipyard in San Francisco, CA.

5. To date, Defendant has not made a determination on Plaintiff's FOIA request or provided any documents responsive to Plaintiff's FOIA request or identified which such documents, if any, exist.

## JURISDICTION AND VENUE

6. This Court has jurisdiction over this action under 5 U.S.C. § 552(a)(4)(B). This Court also has federal question jurisdiction over this action under 28 U.S.C. § 1331.

7. This Court has the authority to grant declaratory relief pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201, *et seq*.

8. This Court is a proper venue under 5 U.S.C. § 552(a)(4)(B) (providing for venue in FOIA cases where the plaintiff resides, or in the District of Columbia).

9. This Court has the authority to award reasonable costs and attorneys' fees under 5 U.S.C. § 552(a)(4)(E).

## PARTIES

10. Plaintiff, PEER, is a non-profit public interest organization incorporated in Washington, D.C. and headquartered in Silver Spring, Maryland, with field offices in Florida, Massachusetts, and Tennessee.

11. Among other public interest projects, PEER engages in advocacy, research, education, and litigation relating to the promotion of public understanding and debate concerning key current public policy issues. PEER focuses on the environment, including the regulation and remediation of toxic substances, public lands and natural resource management, public funding of environmental and natural resource agencies, and governmental accountability.

PEER educates and informs the public through news releases to the media, through its web site, www.peer.org, and through publication of the *PEER Review* newsletter.

12. Defendant, USN, is an agency of the United States as a "military department" under 5 U.S.C. § 552(f)(1).

13. Defendant is charged with the duty to provide public access to records in its possession consistent with the requirements of the FOIA. The Defendant's refusal to provide the Plaintiff with the records requested on November 1, 2018, is a violation of the FOIA, a federal law.

## STATEMENT OF FACTS

14. Due to concern about serious and repeated charges of fraudulent activity by Tetra Tech related to environmental cleanup projects it was undertaking under the Base Realignment and Closure (BRAC) program by the U.S. Environmental Protection Agency and others, the BRAC Program Office Director for the Navy, Ms. Laura Duchnak, was asked at a May 2018 hearing convened by the San Francisco Board of Supervisors whether there was any "overlap" between Tetra Tech personnel who had acted fraudulently at Hunter's Point and those responsible for environmental cleanup at the former Naval Air Station Treasure Island in San Francisco Bay.

15. Ms. Duchnak confirmed that as of May 2018, the USN had not investigated other projects the Tetra Tech staff had worked on. She testified that she did not know "the whole work crews that were in both places, but we can certainly look at that and make sure that there is not an issue related to those individuals."

16. On November 1, 2018, Plaintiff requested information via FOIA concerning whether Treasure Island radiological data is free from fraud or falsification, and on the progress of the radiological clean-up and the Navy's efforts to ensure that current and future uses of Treasure Island do not pose a risk to human health and the environment. Specifically, PEER requested:

1. *Documents describing Tetra Tech involvement in radiological assessment/remediation of areas of Treasure Island;*

2. *Documents and communications related to the sufficiency of prior radiological assessment and remediation work performed by any Tetra Tech entity, including Tetra Tech EC, at Treasure Island;*

3. *All documents and communications assessing the potential for fraudulent radiological cleanup work to have been conducted at Treasure Island by Tetra Tech or other contractors and the Navy's investigation of that potential;*

4. *Documents and communications supporting any decision not to review the prior Tetra Tech radiological work at Treasure Island;*

5. *All documents and communications among BRAC personnel and between BRAC and RASO (Navy Radiological Affairs Support Office) regarding whether Tetra Tech workers involved in fraudulent radiological work at Hunter's Point Naval Shipyard had performed radiological work at Treasure Island; and*

6. *Documents relied upon, or supporting, the statement by BRAC Program Director Laura Duchnak at the May 14, 2018 hearing on Hunter's Point before the San Francisco Board of Supervisors that the Navy has no information that any Tetra Tech workers involved in the fraud at Hunter's Point conducted radiological work at Treasure Island.*

17. On December 17, 2018, the Acting Director for USN BRAC Management Office West, Alan K. Lee, sent PEER an initial response to its FOIA request. In its response, USN stated that it had received PEER's request on November 19, 2018 and assigned the request to file number DON-Navy-2019-002006.

18. Defendant stated in its December 17 letter that "despite diligent efforts, we are unable to provide you a final determination on your request within the 20 working-day statutory time frame established by the FOIA because of the need to search for, collect, and examine a substantial number of responsive records and the need to consult with another naval activity which has substantial subject-matter interest in the release determination."

19. Defendant's response letter did not make any determination or comment about Plaintiff's request for a waiver of fees under 5 U.S.C. § 552 (a)(4)(A).

20. The response letter also informed PEER that it could expect to be provided an estimate of "a date for the response" on March 15, 2019.

## CAUSE OF ACTION

21. Plaintiff incorporates the allegations in the preceding paragraphs.

22. The FOIA requires federal agencies to respond to public requests for records, including files maintained electronically, to increase public understanding of the workings of government and to provide access to government information.  FOIA reflects a "profound national commitment to ensuring an open Government" and agencies must "adopt a presumption in favor of disclosure." Presidential Mem., 74 Fed. Reg. 4683 (Jan. 21, 2009).

23. The FOIA requires agencies to determine within 20 working days after the receipt of any FOIA request whether to comply with the request. 5 U.S.C. § 552(a)(6)(A)(i). Agencies may only extend this time period for an additional 10 working days in "unusual circumstances." 5 U.S.C. § 552(a)(6)(B)(i). See also 32 C.F.R. § 286.8(c) (Department of Defense FOIA Regulations superseding prior component-level regulations). The FOIA also provides that upon request, agencies are to make records "promptly available."  5 U.S.C. § 552(a)(3)(A).

24. Twenty working days from November 19, 2018 (the date Defendant states it received Plaintiff's FOIA request) was December 18, 2018 (all weekdays exclusive of Thanksgiving).

25. As of this filing, February 19, 2018, Plaintiff has not received any documents responsive to its November 1, 2018, FOIA request, or any communications from Defendant other than the initial response letter.

26. Administrative remedies are deemed exhausted when an agency fails to comply with the applicable time limits. 5 U.S.C. § 552(a)(6)(C)(i). Having fully exhausted its administrative remedies for its November 1, 2018 FOIA request, PEER now turns to this Court to enforce the remedies and public access to agency records guaranteed by the FOIA.

27. Defendant's conduct amounts to a denial of the Plaintiff's FOIA request. Defendant is frustrating Plaintiff's efforts to adequately understand and educate the public regarding how the Navy is conducting the radiological clean-up of Treasure Island, and what steps it is or is not taking to ensure valid data and protection of residents of Treasure Island and the public, and how the Navy is performing its duties with regard to base closures and cleanup of properties for public use.

28. Plaintiff has constructively exhausted its administrative remedies under 5 U.S.C. § 552(a)(6)(C)(i), and now seeks an order from this Court requiring the Defendant to immediately produce the records sought in Plaintiff's FOIA request, as well as other appropriate relief, including attorneys' fees and costs.

29. Defendant's failure to make a determination on or disclose the documents requested in Plaintiff's November 1, 2018 FOIA request within the time frame mandated under FOIA is a

denial and wrongful withholding of records in violation of 5 U.S.C. § 552 and DOD regulations promulgated thereunder, 40 C.F.R. part 286.

### **RELIEF REQUESTED**

WHEREFORE, Plaintiff respectfully requests that this Court:

i. Enter an order declaring that Defendant wrongfully withheld requested agency documents;

ii. Issue a permanent injunction directing Defendant to disclose to Plaintiff all wrongfully withheld documents;

iii. Maintain jurisdiction over this action until Defendant is in compliance with the FOIA, the Administrative Procedure Act, and every order of this Court;

iv. Award Plaintiff attorney fees and costs pursuant to 5 U.S.C. § 552(a)(4)(E); and

v. Grant such additional and further relief to which Plaintiff may be entitled.

Respectfully submitted on February 19, 2018,

　　/s/ Paula Dinerstein　　　　
Paula Dinerstein, DC Bar # 333971
Public Employees for Environmental Responsibility
962 Wayne Ave, Suite 610
Silver Spring, MD 20910
(202) 265-7337
pdinerstein@peer.org

*Counsel for Plaintiff*